[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15194
Non-Argument Calendar
_____

D.C. Docket No.  1:14-cv-00549-AT


AMEDA L. HENDERSON,
as Executor and Personal Representative
of the Estate of Roy E. Henderson, deceased,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF VETERANS AFFAIRS,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 10, 2015)

Before MARTIN, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

Ameda L. Henderson ("Plaintiff") appeals the district court's dismissal of the Federal Tort Claims Act complaint (DE 1) filed by her late father, Roy Henderson ("Henderson"), against the United States of America and the U.S. Department of Veterans Affairs ("Defendants").[1] The district court concluded that it did not have subject-matter jurisdiction to hear the case. We affirm.

We presume the parties' familiarity with the complaint and the district court's order dismissing the case. Essentially, the Plaintiff contends that the U.S. Department of Veterans Affairs ("VA") negligently disbursed a retroactive benefits payment for her late father to the long-term care facility where he was staying without investigating its fitness to receive the payment. She claims that the disbursement violated several statutory and regulatory provisions governing the selection of legal custodians and fiduciaries for receipt of benefits payments. She implies that, as a result of this negligence, the facility and its administrator made off with the money and then went bankrupt.

The district court concluded that jurisdiction over the Plaintiff's claim rested exclusively with the VA and the mechanism established by the Veterans Judicial Review Act. That mechanism is as follows: (1) file a claim with the VA's regional

---

[1] The Plaintiff below and the original Appellant here, Roy E. Henderson, died after the notice of appeal was filed in this case. His executor and personal representative, Plaintiff Ameda L. Henderson, moved for an order substituting her as the Appellant in her capacity as executor of the estate and personal representative of Roy E. Henderson, deceased. This court granted the Plaintiff's motion.

office; (2) appeal an unfavorable decision to the Board of Veterans Appeals; (3) appeal that decision to the Court of Appeals for Veterans Claims; and, (4) if pure questions of law remain, appeal to the United States Court of Appeals for the Federal Circuit and, ultimately, the Supreme Court.  This exclusive procedure pertains to any decision of the VA "under a law that affects the provision of benefits." 38 U.S.C. § 511(a).  The district court interpreted the Plaintiff's complaint as doing nothing more than challenging the proper selection of a legal custodian or fiduciary to receive veterans benefits under 38 U.S.C. §§ 5502 and 5507.  We agree.  We further agree with the district court that this is a decision covered by Section 511(a).[2]  Because that is all the Plaintiff challenges—the proper selection of a fiduciary—her challenge is subject to exclusive jurisdiction under 38 U.S.C. § 511(a).

We cannot add to the district court's well-reasoned opinion.  The district court's dismissal of the Plaintiff's complaint for want of subject-matter jurisdiction is affirmed.

AFFIRMED.

---

[2]  The district court properly rejected the Plaintiff's effort to end-run jurisdictional exclusivity by arguing that the VA's negligent failure to follow its own rules for selecting a fiduciary was actionable in tort.  The regulation upon which the Plaintiff relies, 38 C.F.R. § 13.58, was promulgated under 38 U.S.C. §§ 5502 and 5507, the statutes pertaining to fiduciary selection.  Materially, there is no difference between the regulation and the statutes in terms of whether they are "under a law that affects the provision of benefits." *Id.*, § 511(a).